2006R00748/am

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Hon. (AET)

v. : Criminal Number: 09-439

JAMES V. LAFORTE, JR. and : Title 18, United States Code,
FRANCIS ALFIERI     Sections 371, 844(i), 894,
                  1952, and 2

INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

**COUNT ONE**
**(Conspiracy to Collect Extensions of Credit by Extortionate Means**
**- Title 18, United States Code, Section 894)**

**Background**

1. At times relevant to this Indictment:

**The Defendants and Other Parties**

a. Defendant JAMES V. LAFORTE, JR. was a resident of Staten Island, New York.

b. Defendant FRANCIS ALFIERI was a resident of Staten Island, New York.

c. "Co-Conspirator One," a co-conspirator not named as a defendant herein, was an associate of defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI.

## The Conspiracy

2.   From in or about early 2004 through in or about January 2005, in Middlesex County, in the District of New Jersey and elsewhere, defendants

JAMES V. LAFORTE, JR. and
FRANCIS ALFIERI

knowingly and intentionally conspired with each other, Co-Conspirator One, and others to participate in the use of extortionate means, as defined in Title 18, United States Code, Section 891(7), to collect extensions of credit, and to punish persons for the nonrepayment thereof.

## Object of the Conspiracy

3.   The object of the conspiracy was to use extortionate means to collect payments on high interest loans given to debtors.

## Manner and Means of the Conspiracy

4.   It was part of the conspiracy that defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI would make high interest loans to debtors.

5.   It was further part of the conspiracy that defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI would require debtors to make weekly payments on these loans, which payments were often collected by Co-Conspirator One and others.

6.  It was further part of the conspiracy that defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI, and Co-Conspirator One, would use, and expressly and implicitly threatened the use of violence and other criminal means to cause harm to debtors to collect on these loans and to punish debtors for the nonrepayment thereof.

7.  In furtherance of the conspiracy and to effect the object thereof , defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI, and their co-conspirators, committed the following acts:

   a.  In or about mid-2004, defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI gave a loan to a debtor (hereinafter "Debtor One") in the amount of approximately $3,000 (hereinafter "First Loan"). Defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI required Debtor One to pay approximately $120 in interest per week on this loan with the understanding that these interest payments would not reduce the principal balance on the First Loan.

   b.  In or about late 2004, defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI extended a second loan to Debtor One in the amount of approximately $4,000 (hereinafter the "Second Loan"). Defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI required Debtor One to pay approximately $150 in interest per week on this loan with the understanding that these interest payments would not reduce the principal balance on the Second Loan.

c. In or about late 2004, defendant FRANCIS ALFIERI threatened to break Debtor One's legs if Debtor One failed to repay the Second Loan.

d. On or about December 17, 2004, in Edison, New Jersey, Co-Conspirator One collected a $300 check from Debtor One as payment on the Second Loan. While collecting this payment and at defendant JAMES V. LAFORTE, JR.'s direction, Co-Conspirator One assaulted Debtor One by smacking him across the face with an open hand.

e. On or about January 14, 2005, Debtor One's $300 check was cashed against a bank account controlled by defendants JAMES V. LAFORTE, JR. and FRANCIS ALFIERI.

All in violation of Title 18, United States Code, Section 894.

## COUNT TWO
### (Collection of an Extension of Credit by Extortionate Means - Title 18, United States Code, Sections 894 and 2)

1. The allegations set forth in Paragraphs 1 and 3 through 7 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2. On or about December 17, 2004, in Middlesex County, in the District of New Jersey and elsewhere, defendants

JAMES V. LAFORTE, JR. and
FRANCIS ALFIERI

knowingly participated in the use of extortionate means, and aided and abetted in the use of extortionate means, as defined by Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit, and to punish persons for the nonrepayment thereof, as described in Paragraph 7d of Count One of this Indictment.

In violation of Title 18, United States Code, Section 894 and Section 2.

## COUNT THREE
### (Conspiracy to Travel in Aid of Racketeering Enterprise - Title 18, United States Code, Section 371)

1. The allegations set forth in Paragraph 1a and 1c of Count One of this Indictment are hereby realleged as if fully set forth herein.

### Background

2. At times relevant to Count Three of this Indictment:

   a. Richmond Abstract Corporation (hereinafter "Richmond Abstract") was a real estate title company incorporated in New York and headquartered in Staten Island, New York. Defendant JAMES V. LAFORTE, JR. controlled the operations and activities of Richmond Abstract and its employees, including its salespersons.

   b. An individual (hereinafter "Individual One") was a resident of Ocean County, New Jersey and was employed as a salesman for Richmond Abstract. In or about late 2003, Individual One left Richmond Abstract and commenced employment with another real estate title company in New Jersey.

### The Conspiracy

3.  On or about June 23, 2004, in Ocean County, in the District of New Jersey, and elsewhere, defendant

JAMES V. LAFORTE, JR.

knowingly and intentionally conspired and agreed with Co-Conspirator One and others to travel in and use facilities in interstate commerce, and to cause the travel in and the use of facilities in interstate commerce, that is, from Staten Island, New York to New Jersey, with the intent to commit a crime of violence to further an unlawful activity, namely, arson, contrary to New Jersey Statute 2C: 17-1(a)-(b), and to thereafter perform an act to commit a crime of violence to further such arson, contrary to Title 18, United States Code, Section 1952(a)(2).

### Object of the Conspiracy

4.  It was the object of the conspiracy for JAMES LAFORTE, JR. and Co-Conspirator One to burn by arson cars used and possessed by Individual One to exact revenge against him for leaving the employment of Richmond Abstract, and causing others to leave the company.

### Manner and Means of the Conspiracy

5.  It was a part of the conspiracy that defendant JAMES V. LAFORTE, JR. would instruct Co-Conspirator One to set fire to cars used by Individual One because he had ended his employment with Richmond Abstract and had caused several of Richmond Abstract's employees to leave the company to work for Individual One.

6. It was a further part of the conspiracy that Co-Conspirator One, once directed by defendant JAMES LAFORTE, JR., would travel with another individual, from Staten Island, New York to Ocean County, New Jersey, and set fire and attempted to set fire to cars used by Individual One.

### Overt Acts

7. In furtherance of the conspiracy and to effect the object thereof, defendant JAMES V. LAFORTE, JR. and his co-conspirators caused the following overt acts to be committed in the District of New Jersey and elsewhere:

    a. On or about June 22, 2004, defendant JAMES V. LAFORTE, JR. instructed Co-Conspirator One to travel to Ocean County, New Jersey for the purpose of setting fire to cars used and possessed by Individual One.

    b. On or about June 23, 2004, Co-Conspirator One purchased gasoline in Staten Island, New York (hereinafter the "Gasoline").

    c. On or about June 23, 2004, Co-Conspirator One traveled from Staten Island, New York to Ocean County, New Jersey with the Gasoline.

    d. On or about June 23, 2004, Co-Conspirator One poured the Gasoline on two cars parked in the driveway of Individual One's residence and ignited the Gasoline with a flame, thereby causing one car to be completely destroyed by fire.

All in violation of Title 18, United States Code, Section 371.

## COUNT FOUR
### (Travel in Aid of Racketeering Enterprise – Title 18, United States Code, Sections 1952 and 2)

1. The allegations set forth in Paragraph 1a and 1c of Count One and Paragraphs 2 and 4 through 7 of Count Three of this Indictment are hereby realleged as if fully set forth herein.

2. On or about June 23, 2004, in Ocean County, in the District of New Jersey, and elsewhere, defendant

JAMES V. LAFORTE, JR.

knowingly and intentionally traveled in and used facilities in interstate commerce, and caused the travel in and the use of facilities in interstate commerce, that is, from Staten Island, New York to New Jersey, with the intent to commit a crime of violence to further an unlawful activity, namely, arson, contrary to New Jersey Statute 2C: 17-1(a)-(b), and to thereafter cause an act to be performed to commit a crime of violence to further such arson, as described in Paragraph 7 of Count Three of this Indictment.

In violation of Title 18, United States Code, Section 1952(a)(2) and Section 2.

## COUNT FIVE
### (Malicious Destruction of a Vehicle By Means of Fire – Title 18, United States Code, Sections 844(i) and 2)

1. The allegations set forth in Paragraph 1a and 1d of Count One and Paragraphs 2 and 4 through 7 of Count Three of this Indictment are hereby realleged as if fully set forth herein.

2. On or about June 23, 2004, in Ocean County, in the District of New Jersey, and elsewhere, defendant

JAMES V. LAFORTE, JR.

knowingly, willfully, and maliciously damaged and destroyed by fire and an explosive, and caused to be damaged and destroyed by fire and an explosive, a vehicle, namely, a 2003 Mercedes Benz, bearing Vehicle Identification Number WDBUF65J93A133826, which vehicle was used in interstate commerce and in an activity affecting interstate commerce.

In violation of Title 18, United States Code, Section 844(i) and Section 2.

A TRUE BILL,

_____
RALPH J. MARRA, JR.
Acting United States Attorney

CASE NUMBER: _____

**United States District Court**
**District of New Jersey**

UNITED STATES OF AMERICA

v.

JAMES V. LAFORTE, JR. and
FRANCIS ALFIERI

## INDICTMENT FOR

Title 18, United States Code, Sections 371, 844(i), 894, 1952, and 2

A True Bill,

*[signature]*

Foreperson

**RALPH J. MARRA, JR.**
*ACTING U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

ANTHONY MOSCATO
ASSISTANT U.S. ATTORNEY
973-645-2752